# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50744
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLIFTON DEWARREN RIVERS, also known as Clifton Rivers,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-52

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Clifton Dewarren Rivers, federal prisoner # 36491-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Rivers is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50744

Cir. 1997).  Our inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10(a).  *Id.*  If he is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case.  *Id.* at 827.  We review the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

The district court implicitly found Rivers eligible for the reduction but determined that a reduction was unwarranted due to the danger posed to the public by his early release.  Rivers contends that this was an abuse of discretion, citing his post-sentencing rehabilitative efforts, including his completion of various prison programs and the absence of any incidents of violence since his incarceration.

The record reflects that the district court considered Rivers's motion as a whole, gave specific reasons for its denial, and referenced the relevant § 3553(a) factors.  Rivers thus cannot show an abuse of discretion on the district court's part.  *See Henderson*, 636 F.3d at 717; *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Rivers has failed to show that he will raise a nonfrivolous issue on appeal.  *See Howard*, 707 F.2d at 220.  Accordingly, his IFP motion is DENIED.

No. 15-50744

Additionally, because this appeal is frivolous, it is DISMISSED.  5TH CIR. R. 42.2.